**STATE of Vermont v. Robert W. ROSS, Jr., Jason Eric Bessette and Paul Marshall (Commissioner of Social and Rehabilitation Services, Appellant)**

[699 A.2d 47]

No. 96-306

June 10, 1977. Appellant Commissioner of Social and Rehabilitation Services (SRS) appeals a decision of the district court ordering SRS to disclose its case file to the state's attorney in these and all future cases where SRS has been involved in a crimi-

nal investigation. We affirm in part and reverse in part.

This appeal was consolidated from three criminal cases, all involving sexual misconduct with a minor. Each defendant was represented by the same counsel, who filed a motion to permit inspection and disclosure of a broad range of SRS files and records. A consolidated motion hearing took place in which counsel argued that there might be substantial relevant information remaining outside of that which the state's attorney had already released to the defense.

The court held a hearing on the motion attended by the state's attorney, defense counsel, and counsel for SRS. Following the hearing, the court issued an order providing that: (1) SRS was to turn over the pertinent case files to the state's attorney; (2) the state's attorney was to review the files and make full disclosure to the defendant of all information subject to disclosure under Vermont and federal law; (3) the state's attorney could withhold disclosure of information that it believed was not discoverable and notify defense counsel of the type of information being withheld; (4) defense counsel could file a motion to compel disclosure of the withheld information, at which point the court would schedule a hearing to review the disputed materials in camera. The order further provided that the disclosure provisions outlined above would apply in all "future cases of this type." The court subsequently denied a motion by SRS to reconsider and rescind the order. This appeal by SRS followed.

Before addressing the merits we must consider whether the SRS appeal is properly before this Court. We stated in *In re F.E.F.*, 156 Vt. 503, 507, 594 A.2d 897, 901 (1991), that we were "very reluctant to allow interlocutory review of discovery orders, because such review would result in piecemeal appellate review rarely justified by judicial economy." Furthermore, we are wary of granting appellate review

on request from a nonparty. *Id.* at 507-08, 594 A.2d at 901. Nor is the matter ripe for review under the collateral appeal doctrine of V.R.A.P. 5.1. See *id.*

To expedite decision however, this Court has discretion to hear appeals not ordinarily granted. V.R.A.P. 2; *In re F.E.F.*, 156 Vt. at 508-09, 594 A.2d at 901. Thus, in *In re F.E.F.*, we suspended the normal requirements for granting extraordinary relief "'because of the importance of the issue and because no further facts [were] necessary in order to consider the merits.'" 156 Vt. at 508-09, 594 A.2d at 901 (quoting *State v. Saari*, 152 Vt. 510, 514-15, 568 A.2d 344, 347 (1989)). Here, similarly, because of the importance of the issue and the fact that the merits have been briefed and argued, we will consider the matter. See *Castle v. Sherburne Corp.*, 141 Vt. 157, 165, 446 A.2d 350, 354 (1982). In doing so, we reemphasize, as we did in *Castle*, "that this decision should not be interpreted as a relaxation of the strict requirements that must be satisfied before a trial judge permits an interlocutory appeal to this Court." *Id.*

Our review is further hampered by the fact that, as to the three named defendants, the appeal is moot because final judgments have been entered in all three cases. Although the order as written purports to control all future and pending discovery procedures in similar cases, this expansion was beyond the trial court's purview. We address the matter nevertheless because of the possibility that the issue will arise again, and because of the practical difficulty of obtaining meaningful pretrial review.

SRS contends that the order improperly relieves defendants of their obligation to make a threshold showing that information in confidential records is favorable and material to the defense. It also argues that public policy favors free and open reporting of suspected child abuse, which would be jeopardized by

releasing SRS materials not directly related to the criminal investigation. The claims are unfounded. 33 V.S.A. § 4916(d) expressly allows disclosure of SRS written records to the state's attorney, who is then subject to the normal disclosure rules of V.R.Cr.P. 16. We see no indication that the statute applies only to those records pertaining to a specific criminal investigation. Moreover, no material is released directly to the defendant or defense counsel; the state's attorney screens the file and releases only that information to which the defendant is entitled under state and federal law. Withheld information is also subject to a second level of review by the trial court in camera. Hence, the fear of wholesale disclosure of immaterial confidential information is unfounded.

We hold, in sum, that insofar as the court's ruling applied to the criminal cases before it at the time, the court did not abuse its discretion in ordering the disclosure procedure.

*That portion of the order purporting to apply its terms to future cases is reversed. In all other respects, the order is affirmed.*